UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR,<br><br>Plaintiff,<br><br>v.<br><br>UTAH DEPARTMENT OF WORKFORCE SERVICES, OFFICE OF REFUGEES; UTAH VALLEY REFUGEES IN PROVO, UTAH; SALT LAKE CITY HOUSING AUTHORITY; SELECT HEALTH CARE; and VALLEY BEHAVIORAL HEALTH,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION**<br><br><br>Case No. 2:22-cv-00039<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Ana Maria Ravines de Schur, proceeding *in forma pauperis*, filed this action against the Utah Department of Workforce Services, Office of Refugees; Utah Valley Refugees in Provo, Utah; Salt Lake City Housing Authority; Select Health Care; and Valley Behavioral Health.[1] After screening Ms. Ravines de Schur's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court ordered Ms. Ravines de Schur to file an amended complaint by May 8, 2023.[2] The court noted failure to file an amended complaint

---

[1] (*See* Compl., Doc. No. 5.)

[2] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 41.)

1

could result in dismissal of this action.³ Ms. Ravines de Schur did not file an amended complaint by the deadline in the court's order or anytime thereafter.

Because Ms. Ravines de Schur's complaint fails to state a plausible claim for relief and further opportunities to amend would be futile, the undersigned⁴ recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."⁵ In making this determination under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.⁶ To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."⁷ The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.⁸ But the court need not accept the plaintiff's

---

³ (*Id.* at 10.)

⁴ This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 31.)

⁵ 28 U.S.C. § 1915(e)(2)(B)(ii).

⁶ *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

⁷ *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

⁸ *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

2

conclusory allegations as true.[9]  "[A] plaintiff must offer specific factual allegations to support each claim."[10]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11]

Because Ms. Ravines de Schur proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[14]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[15] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[11] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

ANALYSIS

**A. Ms. Ravines de Schur's Complaint**

In her complaint, Ms. Ravines de Schur alleges the Utah Department of Workforce Services (DWS) and Utah Valley Refugees, a nonprofit refugee resettlement agency, violated her rights as a refugee by failing to provide refugee assistance to her. Specifically, she alleges she signed a "refugee resettlement contract" with Utah Valley Refugees which was "supervised and vouched for by the Refugee Agency of the Utah Department of Workforce Services."[17] According to Ms. Ravines de Schur, Utah Valley Refugees failed to make timely rent payments to her landlord as obligated under the contract, and it eventually stopped providing assistance to her.[18] When she complained to DWS, she alleges DWS attempted to evade responsibility by claiming Utah Valley Refugees was a "private refugee agency supported by the LDS Church," even though DWS had referred her to the agency and provided funding for it.[19] Ms. Ravines de Schur also alleges Utah Valley Refugees failed to provide furniture and clothing vouchers as promised in the contract.[20] She claims Utah Valley Refugees and DWS instead directed her to contact a local bishop from the Church of Jesus Christ of Latter-day Saints to obtain a furniture voucher.[21] But when she contacted the bishop, he informed her he could not help her unless she

---

[17] (Compl. ¶¶ 6, 8, Doc. No. 5.)

[18] (*See id.* ¶ 9.)

[19] (*See id.* ¶¶ 11, 21.)

[20] (*See id.* ¶ 14.)

[21] (*See id.*)

became a member of the Church of Jesus Christ of Latter-day Saints.[22]  Ms. Ravines de Schur contends this violated the First Amendment to the United States Constitution because she had a "right[] to separate her religious beliefs from the refugee resettlement process."[23]  She also alleges DWS retaliated against her and "blocked [her] access to services[] because of her grievances."[24]

With respect to the other defendants, Ms. Ravines de Schur alleges a "lack of basic services" from the Salt Lake City Housing Authority and "mental health providers such as Valley Behavioral Health and Select Health."[25]  She alleges "the supervising agents at both Select Health and Valley Behavioral Health have continued to omit corrective action against the inequality and violent acts perpetrated by their own workers," and that she is "living without any health or mental health services."[26]  She also claims the Salt Lake City Housing Authority has violated the Fair Housing Act[27] because she has "receive[d] disinformation and discriminatory treatment by the person who is in charge of her section eight housing voucher."[28]

In addition to citing the First Amendment and the Fair Housing Act, Ms. Ravines de Schur references a federal statute authorizing programs for refugee resettlement and assistance (8

---

[22] (*See id.* ¶¶ 15, 15(a)–(b).)

[23] (*See id.* ¶ 15(c).)

[24] (*Id.* ¶ 22; *see also id.* ¶¶ 23–24.)

[25] (*Id.* ¶ 25.)

[26] (*Id.* ¶ 27.)

[27] 42 U.S.C. §§ 3601–3631.

[28] (Compl. ¶ 30, Doc. No. 5.)

U.S.C. § 1522);[29] various sections of the federal criminal code (18 U.S.C. §§ 241, 873, and 1512);[30] and various international treaties and declarations.[31] She seeks damages of $144,000 for "the next 10 years of therapy"; $25,000 for dentistry expenses; $7,000 to pay for relocation to Massachusetts; $300,000 to start an independent business in Massachusetts; and $40,000 for "legal fees and related expenses."[32]

### B. Review Under 28 U.S.C. § 1915(e)(2)(B)

As explained below, Ms. Ravines de Schur's complaint fails to state any cognizable claim for relief against defendants DWS, Salt Lake City Housing Authority, Valley Behavioral Health, or Select Health Care. And the allegations in the complaint are insufficient to establish subject-matter jurisdiction over a breach-of-contract claim against Utah Valley Refugees, which is the only potentially cognizable claim against this defendant.

First, the complaint fails to state a cognizable claim against any defendant for a violation of the First Amendment. The First Amendment's religion clauses provide: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."[33] The Supreme Court has interpreted the First Amendment as prohibiting the government from

---

[29] (*See id.* ¶ 1.)

[30] (*See id.* ¶¶ 23, 26–27.)

[31] (*See id.* ¶¶ 28–29, 31.)

[32] (*See id.*, Prayer for Relief ¶¶ 2–7.)

[33] U.S. Const. amend. I.

conditioning aid or benefits on a recipient's religious status.[34] But Ms. Ravines de Schur does not directly allege the government agency involved here, DWS, conditioned aid or benefits on her religious status. Rather, she alleges a church bishop—a private actor—declined to assist her unless she became a member of his faith. Although Ms. Ravines de Schur alleges DWS referred her to the bishop for a furniture voucher, she does not allege the furniture voucher was a government benefit to which she was entitled. Thus, it is unclear whether this referral was part of a government aid program, or if DWS merely notified Ms. Ravines de Schur of a potential source of private charitable assistance. In other words, Ms. Ravines de Schur fails to adequately allege a connection between the bishop's denial of assistance and any government benefits program. Thus, Ms. Ravines de Schur's complaint fails to state a claim that government benefits were conditioned on her religious status in violation of the First Amendment.

Ms. Ravines also fails to state a cognizable claim against any defendant under the other federal statutes cited in the complaint. Her conclusory allegations that the Salt Lake City Housing Authority violated the Fair Housing Act and subjected her to "discriminatory treatment"[35] are unsupported by any factual development. She also cites 8 U.S.C. § 1522, a statute authorizing refugee resettlement and assistance programs, but this statute does not expressly contain a private cause of action—and Ms. Ravines de Schur does not explain how any defendant has violated its provisions. Ms. Ravines de Schur's citations to various criminal statutes are equally unavailing because criminal statutes "cannot be enforced in a private civil

---

[34] *See Espinoza v. Mont. Dep't of Revenue*, 140 S. Ct. 2246, 2256 (2020); *see also Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 1015 (D.N.M. 2020).

[35] (Compl. ¶ 30, Doc. No. 5.)

action."[36] Further, her conclusory references to various international treaties and declarations fail to implicate any recognized legal claim.

Even construed liberally, Ms. Ravines de Schur's complaint fails to state any other plausible claim against DWS, Salt Lake City Housing Authority, Valley Behavioral Health, and Select Health Care. Although Ms. Ravines de Schur alleges generally that DWS blocked or denied services,[37] she does not identify what services or benefits were denied, or why she was entitled to them. And her vague allegations regarding a "lack of basic services" from the other defendants[38] also fail to state a claim for relief. Ms. Ravines de Schur has not alleged facts sufficient to establish she was entitled to services from these defendants, nor has she alleged any specific denial of services by these defendants.

Ms. Ravines de Schur's allegation that Utah Valley Refugees violated contractual obligations to assist her raises a potential breach-of-contract claim. But breach of contract is a state law claim, and Ms. Ravines de Schur fails to adequately allege a basis for federal subject-matter jurisdiction for this claim. Ms. Ravines de Schur suggests diversity jurisdiction exists because she is a "citizen of Germany living in the United States under political asylum, and the total restitution demanded is larger than $75,000.00."[39] However, federal courts lack diversity jurisdiction over cases "between citizens of a State and citizens or subjects of a foreign

---

[36] *Gallacher v. Kisner*, No. 2:08-cv-845, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished).

[37] (*See* Compl. ¶ 22, Doc. No. 5.)

[38] (*Id.* at ¶ 25.)

[39] (Compl. ¶ 5, Doc. No. 5.)

state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."[40] Ms. Ravines de Schur does not specify whether she is a lawful permanent resident, but her allegations that she was granted political asylum and has lived lawfully in the United States since 2002 suggest this status may apply to her.[41] And Ms. Ravines de Schur's other allegations suggest she resides in Utah, which is prima facia evidence of domicile.[42] If Ms. Ravines de Schur is a lawful permanent resident domiciled in Utah, the court lacks diversity jurisdiction over a state-law claim between Ms. Ravines de Schur and a Utah nonprofit organization.

For these reasons, Ms. Ravines de Schur's allegations are insufficient to establish subject-matter jurisdiction over a potential breach-of-contract claim against Utah Valley Refugees, and her complaint fails to state any other claim for relief. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[43] The court previously identified these deficiencies and ordered Ms. Ravines de Schur to amend her complaint to correct them, but Ms. Ravines de Schur failed to do so. Therefore, further opportunities to amend would be futile, and dismissal is appropriate.

---

[40] 28 U.S.C. § 1332(a)(2).

[41] (*See* Compl. ¶ 27, Doc. No. 5.)

[42] (*See generally* Compl., Doc. No. 5 (providing a Utah mailing address and alleging refugee resettlement in Utah); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* the domicile.").

[43] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

RECOMMENDATION

Where Ms. Ravines de Schur's complaint fails to state any plausible claim for relief for which this court has jurisdiction, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). The court will send this Report and Recommendation to Ms. Ravines de Schur, who is notified of her right to object to it. Any objection must be filed within fourteen days of service.[44] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 27th day of July, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[44] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).